IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

UNITED STATES OF AMERICA      :
                              :
vs.                           :   CRIMINAL ACTION 10-00174-WS
                              :
LARRY LEVERN JONES            :

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant's Notice of Appeal
(Doc. 32) and Motion to Proceed In Forma Pauperis (Doc. 44), which
has been referred to the undersigned pursuant to 28 U.S.C.
§ 636(b)(3). For the reasons set forth below, it is recommended
that the Motion to Proceed In Forma Pauperis (Doc. 44) be denied
because the appeal is frivolous and not taken in good faith.

On March 4, 2011, Defendant was sentenced after pleading
guilty to count one of the indictment, namely, being a felon in
possession of a firearm in violation of 18 U.S.C. § 922 (g)(1) to
the mandatory minimum of 180 months (Doc. 30). Defendant was
represented by retained counsel, Sonya A. Ogletree-Bailey, but
Defendant states that she no longer represents him (Doc. 43). A
telephone call to her office this date confirmed that she does not
represent him on appeal and a motion to withdraw will be filed.
On March 17, 2011, Defendant filed a Notice of Appeal (Doc. 32)
appealing the final sentencing and judgment and citing
insufficient counsel as the reason for the appeal. Defendant has
not stated how counsel was insufficient. The original appeal was

dismissed by the United States Court of Appeals for the Eleventh Circuit for failing to pay the filing fee but Defendant is being allowed by that Court to file a Motion to Reinstate the Appeal since his former lawyer was getting the mail and notices although she no longer represented him on appeal (Docs. 40-42). He was also instructed to file the pending Motion to Proceed In Forma Pauperis in this Court.

After a review of the Motion to Proceed In Forma Pauperis (Doc. 44), the attached Application to Proceed Without Prepayment of Fees and Affidavit (Doc. 44, pp. 2-3) and the attached Inmate Statement (Doc. 44, pp. 4-5), it appears that Defendant may not have the present financial ability to pay the filing fees. The Court notes that Defendant had retained counsel throughout the proceedings, including sentencing but she does not represent him on appeal. However, even if the Court finds that Defendant does not have the present ability to pay the filing fees, a party may not appeal *in forma pauperis* unless the District Court also certifies that the appeal is taken in good faith. 28 U.S.C. § 1915(a). The test for whether an appeal is taken in good faith is whether Defendant seeks appellate review of any issue that is not frivolous. *See Ex parte Chayoon,* 2007 WL 1099088, *1 (M.D. Fla. 2007). In other words, an appeal that is plainly frivolous cannot be taken without the prepayment of fees and costs. *See United States v. Youngblood,* 116 F.3d 1113, 1115 (5th Cir. 1997);

*Clements v. Wainwright,* 648 F.2d 979, 981 (5th Cir. 1981).
Defendant has merely filed a Notice of Appeal and Motion to
Proceed In Forma Pauperis without claiming any entitlement to
redress or stating the issues he intends to present on appeal, as
required by Federal Rule of Appellate Procedure 24 (a), other than
making a general conclusory statement, "Reasoning: 1. Insufficiant
Concil" (Doc. 32). He does not set out how his sentence was in
error or how or when his lawyer was insufficient. Therefore,
Defendant's Motion for Leave to Proceed In Forma Pauperis is due
to be denied since it is frivolous and not taken in good faith.

In conclusion, it is recommended that Defendant's Motion to
Proceed In Forma Pauperis be denied and that the District Judge
certify in writing that Defendant's appeal is frivolous and not
taken in good faith. Since this recommendation is made after a
referral pursuant to 28 U.S.C. § 636(b)(3), Defendant does not
have the opportunity to file an objection. *Minetti v. Port of
Seattle,* 152 F.3d 1113, 1114 (9th Cir. 1998)("Section 636(b)(3)
does not provide a party with ten days to file written objections
with the district court."). The Clerk is therefore **DIRECTED** to
refer this Report and Recommendation to the District Judge without
the necessity of a waiting period.

DONE this 27th day of June, 2011.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE