IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LARRY LEVERN JONES,          :
    Petitioner,              :
                                      CIVIL ACTION 11-0461-WS-M
v.                           :
                                 CRIMINAL ACTION 10-00174-WS-M
UNITED STATES OF AMERICA,    :
    Respondent.              :

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 50) and Respondent's Motion to Dismiss (Doc. 52). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases. It is now ready for consideration. The record is adequate to dispose of this matter; no evidentiary hearing is required. It is recommended that Respondent's Motion to Dismiss (Doc. 52) be granted and that Petitioner's Motion to Vacate (Doc. 50) be denied, that this action be dismissed without prejudice, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Larry Levern Jones. It is further

recommended that Petitioner is not entitled to a certificate of appealability and, therefore, not entitled to appeal *in forma pauperis*.

Petitioner was indicted on July 29, 2010 for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Doc. 1). Jones entered into a plea agreement in which he waived his rights and pled guilty to the single count against him (Doc. 21). United States District Judge Steele sentenced Petitioner to fifteen years on the conviction as well as five years of supervised release following his release from prison, and an assessment of one hundred dollars (Doc. 30).

Jones appealed his conviction (Doc. 32) which was dismissed for Petitioner's failure to pay his filing fees by the Eleventh Circuit Court of Appeals (Doc. 40). On July 20, 2011, the Appellate Court gave notice that the dismissal had been entered in error and that the case had been reinstated (*see* Doc. 47).

Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on August 8, 2011 in which he raised the following claims: (1) The Government failed to file notice of the Armed Career Criminal Act in Jones's indictment; (2) third-degree burglary is not a crime of violence under Alabama law; (3) his attorney rendered ineffective assistance; and (4) the Government never charged any penalty in

the indictment (Doc. 50). Respondent filed a Motion to Dismiss on August 24, 2011 (Doc. 52).

In the Motion to Dismiss, the Government has asserted that because the Eleventh Circuit has reinstated Jones's appeal that this Court does not have jurisdiction of this action (Doc. 52). The Eleventh Circuit Court of Appeals has held, in *United States v. Dunham*, 240 F.3d 1328, 1329-30 (11th Cir. 2001), "that the district court lacked jurisdiction to consider and rule on Dunham's § 2255 motion during the pendency of her direct appeal of her sentence." The Court further held that Dunham's § 2255 was to be dismissed without prejudice to file another § 2255 once the appeal was concluded. Absent extraordinary circumstances, an appeal should be allowed to proceed unencumbered by a § 2255 action. *United States v. Casaran-Rivas*, 311 Fed.Appx. 269, 272 (11th Cir. 2009).

Court records demonstrate that Jones's appeal, though dismissed in error, has been reinstated (Doc. 47). As such, this Court does not have jurisdiction to entertain this action under *Dunham*. As Jones has not demonstrated extraordinary circumstances necessitating the continuance of this § 2255, this action should be dismissed without prejudice.

Therefore, it is recommended that Respondent's Motion to Dismiss (Doc. 52) be granted, that Jones' Motion to Vacate (Doc.

3

50) be denied, and that this action be dismissed without prejudice.  It is further recommended that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Larry Levern Jones.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied.  28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1).  A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484

(2000); see *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as this Court does not have jurisdiction to entertain this action, as Petitioner has not yet concluded the direct appeal of his conviction and sentence, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Jones should be allowed to proceed further, *Slack,* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

## CONCLUSION

It is recommended that Respondent's Motion to Dismiss (Doc. 52) be granted and that Petitioner's Motion to Vacate, filed pursuant to 28 U.S.C. § 2255, be denied. It is further recommended that Petitioner is not entitled to a certificate of appealability and, therefore, not entitled to appeal *in forma*

*pauperis.*

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 1st day of September 1, 2011.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE